*E-FILED 7/5/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOWNSHEND INTELLECTUAL PROPERTY, L.L.C., <br><br> Plaintiff, <br> v. <br> BROADCOM CORPORATION, <br><br> Defendant. | NO. C 06-05118 JF (RS) <br><br> **ORDER GRANTING MOTION TO COMPEL** |

## I. INTRODUCTION

Local Patent Rule 3-1 requires plaintiffs in patent infringement actions to serve "Preliminary Infringement Contentions" ("PICs") that include, among other things, "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." In this case, plaintiff Townshend Intellectual Property, L.L.C. holds patents relating to the V.90 standard for transmitting data over telephone lines to so-called "dial-up" computer modems. Townshend apparently contends *any* computer modem that is "V.90 compliant" may infringe the asserted patent claims, regardless of the inner workings of the modem or how it is designed. As a result, Townshend served PICs that made no effort to identify "where each element of each asserted claim is found within" defendant Broadcom Corporation's accused products. Instead, Townshend attempted to "map" the asserted patent claims to the provisions of the V.90 standard.

Broadcom has produced the source code for its products to Townshend and brings this motion to compel Townshend either to amend its PICs or to answer an interrogatory to tie the asserted patent claims specifically to Broadcom's products. Notwithstanding its insistence that there is infringement regardless of how Broadcom's individual products are designed and work, Townshend acknowledges it *could* analyze the Broadcom source code to identify where each claim element appears. Townshend urges, however, that it should be permitted to postpone such analysis until after the *Markman* hearing in this case and that disclosure of the results of that analysis can be made in its *Final* Infringement Contentions ("FICs"). Because the rules are designed to forestall the prospect that infringement theories transform dramatically between the PIC and FIC stages, a prospect Townshend seeks to reserve, the motion will be granted.

## II.  BACKGROUND

As noted, this case involves the V.90 standard for transmitting data over dial up internet connections. At the time of its introduction, V.90 was significant because it permitted transmission of data at the then–impressive rate of "56K" (56,000 bits per second). A dial-up connection requires a modem at both ends–one at or in the user's computer, and one operated by the user's Internet Service Provider (ISP). In industry jargon, ISPs' modems are "server-side" and users' modems are "client-side." In prior litigation, Townshend sued modem manufacturers who made *both* server-side and client-side modems. Broadcom makes only client-side modems.

Broadcom contends that the V.90 standard only governs how information is sent *from* a server-side modem *to* a client-side modem. "How the consumer's modem interprets that signal is up to the manufacturer."[1] As a result, in Broadcom's view, evening assuming Townshend's patents cover the V.90 standard, simply manufacturing and selling a client-side modem that is V.90 compliant will *not* constitute infringement.

Townshend served PICs that are lengthy and that contain substantial detail. Broadcom

---

[1] Broadcom suggests the analogy of a television receiver. Broadcom does not explain whether there is any significance to the fact that a modem, unlike a conventional television, engages in two-way communication.

2

asserts, however, that the PICs were merely "cut-and-pasted" from prior litigation by Townshend against a server-side modem manufacturer and that they contain material inapplicable to this action. More fundamentally, Broadcom's objection to the adequacy of the PICs arises from the fact that they do not "map" Broadcom's source code to the asserted claims of the patents-in-suit. Instead, the PICs set forth Townshend's contentions as to how the asserted claims read on *the V.90 standard*, and then simply conclude that Broadcom's modems infringe because they are (admittedly) "V.90 compliant."

### III.  DISCUSSION

Patent Local Rule 3-1 requires patent plaintiffs to "identify[] specifically where each element of each asserted claim is found within each Accused Instrumentality." It has been described as a "streamlined" mechanism to replace the "series of interrogatories that defendants would likely have propounded" in its absence. *Network Caching Tech,, LLC v. Novell Inc.*, 2002 WL 32126128, *4 (N.D. Cal. 2002) ("*Network I*"). As such, Rule 3-1 and the other Patent Local Rules, "provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D.Tex.2005) (applying local rules modeled on those of this District and citing *Network Caching Tech,, LLC v. Novell Inc.*, 2003 WL 21699799 (N.D. Cal. 2003) "*Network II*")).

"[T]he standard of FRCP 11 prefiling inquiry establishes a minimum level of detail that Patent LR 3-1 requires." *Network I*, 2002 WL 32126128 at *4. Nevertheless, in the context of a motion challenging the sufficiency of PIC's, arguments that a plaintiff failed to conduct an adequate prefiling investigation generally are misplaced because sanctions under Rule 11 are not available until there is a determination on the merits that the claims are objectively baseless. *See Network II*, 2003 WL 21699799 at *7-8.[2] Rather, the question ordinarily is whether the PICs disclose all of "the relevant facts [plaintiff] obtained in its prefiling inquiry." *Network I*, 2002 WL 32126128 at *4. In other words, a plaintiff may satisfy its obligations under Rule 3-1 whether or not it conducted a pre-

---

[2] Broadcom recognizes this point and does not press an argument at this juncture that Townsend's prefiling investigation was insufficient.

3

1  filing investigation sufficient to comply with Rule 11.  *See Network II*, 2003 WL 21699799 at *7
2  (finding plaintiff in compliance with Rule 3-1 despite "preposterous" failure to conduct adequate
3  prefiling investigation.); *see also*, *American Video Graphics, supra,* 359 F.Supp.2d at 560 (finding
4  preliminary contentions sufficient where "defendants' sole possession of the information plaintiffs
5  need" precluded greater specificity.).

6        In the present case, there appears to be no real dispute that Townshend's existing PICs reflect
7  substantially all of the facts it obtained in its prefiling inquiry.  Townshend  did not have access to
8  Broadcom's source code before bringing suit.  Townshend appears to contend that *any* V.90
9  compliant modem infringes the asserted patent claims.  Accordingly, if Townshend were prepared to
10 commit to that theory of infringement, it might be possible to conclude that Townshend has
11 adequately complied with the spirit and intent of Rule 3-1, notwithstanding the fact that it has not
12 literally complied with the requirement of  "identifying specifically where each element of each
13 asserted claim is found."  In that event, Broadcom presumably would still argue that mere
14 compliance with the V.90 standard is legally insufficient to support an infringement claim, but that
15 dispute would go to the *merits,* rather than to the adequacy of the PICs.

16       Townshend, however, has expressly declined to commit to the basic infringement theory set
17 forth in the PICs.  To the contrary, Townshend insists that it be given the opportunity to serve FICs
18 that *do* map the asserted claims of the patent to Broadcom's source code.  Townshend merely wants
19 to wait until after the *Markman* hearing before doing so.   Townshend's proposal could wellresult in
20 FICs that differ *substantially* from the PICs.  Indeed, Townshend suggests that the process of
21 drafting its FICs will be "laborious and time-consuming," implying that those contentions will bear
22 little resemblance to the existing PICs.  That would be contrary to the intent of the rules and to the
23 purpose PICs are supposed to serve.  Despite the label "preliminary," PICs are not intended to be
24 mere rough drafts subject to drastic modification.  Rather, the rules "are designed to require parties
25 to crystallize their theories of the case early in the litigation and to adhere to those theories once they
26 have been disclosed." *Integrated Circuit Systems, Inc. v. Realtek Semiconductor Co., Ltd.*, 308
27 F.Supp.2d 1106, 1107 (N.D.Cal.,2004).  Indeed, the default presumption is that a party's PICs "shall
28 be deemed to be that party's final contentions." Rule 3-6.  Although the Rules permit amendments if

4

1  made necessary in light of documents produced by the other side or by the claim construction ruling,
2  or upon a showing of other good cause, those provisions do not contemplate pre-planned, wholesale
3  revisions of the nature Townshend appears to be suggesting it may elect to make here.[3]
4       Accordingly, Broadcom's motion will be granted.  Broadcom expressed no preference
5  between receiving amended PICs or a complete response to the interrogatory it propounded on the
6  subject (No. 11), so the choice lies with Townshend as to which it will provide.[4]

## IV.  CONCLUSION

The motion is granted.  Within thirty days of the date of this order, Townshend shall serve amended PICs or a response to Interrogatory 11 consistent with the principles set forth above.

IT IS SO ORDERED.

Dated: July 5, 2007

*/s/ Richard Seeborg*
RICHARD SEEBORG
United States Magistrate Judge

---

[3] Cases involving source code or other materials not available on the open market generally present some difficulties for plaintiffs, both with respect to conducting prefiling investigations and to preparing PICs.  *See, e.g., Network II*, 2003 WL 21699799 (" The only way to pinpoint the specific routine is to analyze the source code, which is solely in the defendants' possession. This is the quintessential case allowing amendment of PICs based on information received in discovery.") Townshend argues that this District chose to amend the patent local rules to not require disclosure of source code prior to PICs and that Broadcom should not be allowed to upset that sequence by voluntarily producing its source code.  While that amendment may have protected Broadcom from automatically being required to produce its source code now, its choice to do so serves the goal of the local rules to "enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute," *American Video*, *supra*, 359 F.Supp.2d at 560.  Under these circumstances, allowing Townshend to proceed as it suggests would not serve that goal.

[4] Townshend suggested at the hearing that it does not have sufficient information regarding the source code as produced to evaluate it fully.  Broadcom expressed a willingness to provide such additional information or technical advice as might be necessary to resolve that issue.  The Court anticipates that any such remaining problems will be resolved through the meet and confer process.

ORDER GRANTING MOTION TO COMPEL
C C 06-05118 JF (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

William F. Abrams     william.abrams@bingham.com

Kevin A. Fitzgerald     kevin.fitzgerald@bingham.com

James Boyd Lewis     james.lewis@bingham.com

Diana Luo     dluo@mofo.com, bgomez@mofo.com

Larry Scott Oliver     soliver@mofo.com, kolivares@mofo.com, llontayao@mofo.com, msmoot@mofo.com

James Pooley     jpooley@mofo.com, llontayao@mofo.com, msmoot@mofo.com

Ruby May Wayne     ruby.wayne@bingham.com, courtney.smith@bingham.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/5/07**                                                         **Chambers of Judge Richard Seeborg**

                                                                                   **By:**       **/s/ BAK**

ORDER GRANTING MOTION TO COMPEL
C C 06-05118 JF (RS)

6