**\*E-FILED 7/30/07**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOWNSHEND INTELLECTUAL PROPERTY, L.L.C.,<br><br>            Plaintiff,<br><br>      v.<br><br>BROADCOM CORPORATION,<br><br>            Defendant.<br>                                                                          / | NO.  C 06-05118 JF (RS)<br><br>**ORDER RE DISCOVERY SCHEDULE** |

On July 24, 2007, a telephone conference was held to address various discovery issues, including the question of whether defendant should be required to serve a complete set of Preliminary Invalidity Contentions at this time, or whether it may wait until after plaintiff has supplemented its Preliminary Infringement Contentions, as required by the Court's order entered on July 5, 2007.  Plaintiff contends that the Local Patent Rules require Preliminary Invalidity Contentions to be served within forty-five days of the service of Preliminary Infringement Contentions, and that because plaintiff did serve Preliminary Infringement Contentions, defendant's Preliminary Invalidity Contentions are past due, notwithstanding the fact that the Court found plaintiff's Preliminary Infringement Contentions to be inadequate.  Plaintiff further contends that defendant can and must disclose all of the supporting facts known to it at the time it first pleaded invalidity, together with any additional supporting facts it may have learned since then.

Defendant, in turn, contends it would be premature to require it to specify its invalidity

1

contentions in detail until after it has received plaintiff's supplemental Preliminary Infringement Contentions.  Defendant suggests that the presiding judge previously addressed this issue and concluded that defendant need only disclose its invalidity contentions under 35 U.S.C. § 102 (g) at this point in the litigation.  Defendant acknowledges that the Local Patent Rules would give it an opportunity to amend its Preliminary Invalidity Contentions should anything in plaintiff's supplemental Preliminary Infringement Contentions give rise to good cause for such amendments, but defendant argues it should not be faced with the burden of establishing such good cause or the risk that amendment would not be allowed.

The Court has reviewed the transcript of the case management proceedings before the presiding judge in which this issue was discussed and concludes that no final or binding order was made as to how the matter should or could proceed after the question of the adequacy of plaintiff's original Preliminary Infringement Contentions was resolved.  Because the Court has now ruled that the Preliminary Infringement Contentions need to be supplemented, there is at least some merit to defendant's argument that its obligation under the rules to serve Preliminary Invalidity Contentions has yet to arise.  Nevertheless, in the interests of efficient management of the discovery process and good cause appearing, IT IS HEREBY ORDERED THAT:

1. Within 20 days of the date of this order, defendant shall serve complete *interim* Preliminary Invalidity Contentions that disclose *all* of defendant's invalidity contentions and the factual basis therefore, based on all matters presently known to defendant.

2. Within 20 days of service of plaintiff's amended Preliminary Infringement Contentions, defendant may, without seeking further leave of Court, serve amended Preliminary Invalidity Contentions, with the proviso that any such amendments must reasonably relate to and arise from matters specified for the first time in plaintiff's amended Preliminary Infringement Contentions. Any further amendments thereafter to defendant's invalidity contentions shall be made only in accordance with Local Patent Rule 3-6(b) (permitting amendment without leave of Court under

2

1  specified conditions) or Rule 3-7 (requiring a showing of good cause for amendments under any
2  other circumstances).

4  IT IS SO ORDERED.
5  Dated: July 30, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER RE DISCOVERY SCHEDULE
C C 06-05118 JF (RS)

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

William F. Abrams     william.abrams@bingham.com

Kevin A. Fitzgerald     kevin.fitzgerald@bingham.com

James Boyd Lewis     james.lewis@bingham.com

Diana Luo     dluo@mofo.com, bgomez@mofo.com

Carlos Patricio Mino     carlos.mino@bingham.com

Larry Scott Oliver     soliver@mofo.com, kolivares@mofo.com, llontayao@mofo.com, msmoot@mofo.com

James Pooley     jpooley@mofo.com, llontayao@mofo.com, msmoot@mofo.com

Ruby May Wayne     ruby.wayne@bingham.com, courtney.smith@bingham.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/30/07**                                                      **Chambers of Judge Richard Seeborg**

                                                                         **By:**      **/s/ BAK**

ORDER RE DISCOVERY SCHEDULE
C C 06-05118 JF (RS)

4