**United States District Court**
For the Northern District of California

***E-FILED 8/29/07***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOWNSHEND INTELLECTUAL PROPERTY, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> BROADCOM CORPORATION, <br><br> Defendant. | NO. C 06-05118 JF (RS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** |

I. INTRODUCTION

Plaintiff Townshend Intellectual Property, L.L.C. moves to compel defendant Broadcom Corporation to respond to interrogatories and document requests in two basic categories: (1) requests seeking information supporting Broadcom's contentions in this action, to which Broadcom has objected as "premature," and; (2) requests seeking information involving products and industry standard-setting organizations not directly implicated in this action, to which Broadcom has objected as irrelevant and unduly burdensome. On the first question, Townshend's motion will be denied in light of the language of the Local Patent rules and the premature nature of the requests, with the exception of three document requests that seek information outside the scope of what Broadcom will

1

be obligated to provide with its Invalidity Contentions or in *Markman*[1] briefing. As to the remaining requests, it appears the parties would benefit from further efforts to resolve their disputes through the meet and confer process, as described in more detail below.

## II. DISCUSSION[2]

### A. Requests relating to contentions

Townshend moves to compel further responses to Interrogatory Nos. 9-11 and 25, and Document Request Nos. 20-22, 25-29, 34-35, and 51. With the exception of Document Request Nos. 25, 28, and 29, all of these requests relate to either, (1) Broadcom's contentions and supporting evidence that it has not infringed the asserted patent claims; (2) Broadcom's contentions and supporting evidence as to potential invalidity of the claims; (3) Broadcom's contentions and supporting evidence as to the extent to which prosecution history estoppel bars Townshend's claims; or, (4) Broadcom's contentions and supporting evidence that any infringement was not willful.

The Local Patent Rules set forth specific mechanisms and time frames by which parties are to disclose certain basic information, including their positions and supporting documentation on issues such as infringement, invalidity, and willfulness. For example, Rule 3-1 requires a plaintiff to set out its infringement contentions in great detail. As previously observed in this case, it "has been described as a 'streamlined' mechanism to replace the 'series of interrogatories that defendants would likely have propounded' in its absence." Order filed July 5, 2007 at 3:11-13. (quoting *Network Caching Tech,, LLC v. Novell Inc.*, 2002 WL 32126128, *4 (N.D. Cal. 2002).) The rules, however, also provide that parties are free to conduct discovery on other issues not specifically addressed. Rule 2-5 expressly states:

> Except as provided in this paragraph or as otherwise ordered, it shall not be a legitimate ground for objecting to an opposing party's discovery request . . . that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Local Rules.

---

[1] *Markman v. Westview Instruments, Inc*., 517 U.S. 370 (1996).

[2] The factual background of this action has been set out in prior orders and will not be repeated here.

2

1   Rule 2-5 goes on to list four specific categories of information as to which a party *may* resist
2   discovery by objecting that requested responses are already contemplated elsewhere in the rules with
3   different due dates and under a separate rubric:

4   (a) Requests seeking to elicit a party's claim construction position;

5   (b) Requests seeking to elicit from the patent claimant a comparison of the
6   asserted claims and the accused apparatus, product, device, process, method, act, or
7   other instrumentality;

8   (c) Requests seeking to elicit from an accused infringer a comparison of the
9   asserted claims and the prior art; and

10  (d) Requests seeking to elicit from an accused infringer the identification of
11  any opinions of counsel, and related documents, that it intends to rely upon as a
12  defense to an allegation of willful infringement.

14  Here, Townshend contends that the requests in dispute are proper because they seek
15  information outside the four exceptions of Rule 2-5. Townshend further contends that, under the
16  Rules of "statutory" construction, Rule 2-5 should not be read as applying to *document requests*
17  except in subparagraph (d).

18  Taking the second point first, Townshend's argument that only subparagraph (d) applies to
19  document requests is based on the fact that only that paragraph expressly mentions "documents."
20  Townshend relies on the "general principle of statutory interpretation that if a term has been
21  employed in a section, but excluded from another, the term should not be read to be included in the
22  section in which it does not appear." Reply at 8:23-9:1 (citing *FTC v. Sun Oil Co.*, 371 U.S. 505,
23  514-15 (1963)). Townshend has overlooked the preamble to Rule 2-5 that effectively *defines*
24  "discovery request" to include an "interrogatory, *document request*, request for admission, [or]
25  deposition question." Rule 2-5 (emphasis added). Thus, the omission in subparagraphs (a) - (c) of
26  any express reference to "document requests" is of no moment. Each of those subparagraphs are
27  effective to authorize a "prematurity" objection to *any* form of discovery request related to the
28  specified topics.

3

1    As to the first point, Townshend is correct that *some* of the requests fall outside the four
2 categories identified in subparagraphs (a)-(d) of Rule 2-5.  Indeed, at the hearing, Broadcom
3 acknowledged that its objections to Document Request Nos. 25, 28,  and 29 are not based on
4 prematurity under Rule 2-5.  Each of those requests seek information related to Broadcom's
5 contentions that the asserted patents are *unenforceable*, as opposed to *invalid*.[3]  It does not appear
6 that Broadcom would be obliged to provide substantially equivalent information in either its
7 invalidity contentions or its *Markman* briefing.  Accordingly, those requests are not premature under
8 Rule 2-5.  In its opposition, and at the hearing, Broadcom asserted it has informed Townshend that it
9 does not presently have any documents responsive to those requests in its possession, custody, or
10 control, because such documents would only be in the possession of Townshend or third parties.
11 Broadcom's *responses*, however, state the prematurity objection and a refusal to produce responsive
12 documents until "the appropriate times set forth in the Patent Local Rules."  Although it may be a
13 technical point, Townshend is entitled to written responses, not just representations from counsel,
14 that Broadcom possesses no responsive documents.  Accordingly, within 20 days of the date of this
15 order Broadcom shall serve amended responses to Document Request Nos. 25, 28, and 29.

16    Townshend's requests seeking information regarding Broadcom's contentions as to
17 invalidity, prosecution history estoppel, and willfulness, all fall within the subparagraphs of Rule 2-
18 5. (Interrogatory Nos. 10, 11, and 25, Document Request Nos. 21, 22, 26, 27, 34, 35,  and 51).
19 Townshend  may be correct that at least some of these discovery requests in dispute are phrased to
20 seek information not entirely coextensive with what Broadcom will be obliged to disclose under the
21 Local Rules.  Nevertheless, Broadcom could not respond to the requests without first engaging in the
22 types of analysis addressed in Rule 2-5.  For example,  Interrogatory No. 11 calls for "all facts and
23 evidence" supporting Broadcom's contention that the patents are invalid.  Although the language of
24 that interrogatory is very different from subparagraph (c) of Rule 2-5, Broadcom could not
25 meaningfully respond without conducting "a comparison of the asserted claims and the prior art."

---

[3] Request No. 25 seeks information relating to Broadcom's contention that the patents-in-suit are unenforceable under principles of estoppel.  This differs from Request No. 26, which seeks information related to *prosecution history estoppel*, a matter implicated by Rule 2-5 (a), which addresses, "[r]equests seeking to elicit a party's claim construction position."

4

1 As another example, Broadcom could not respond to requests about prosecution history estoppel
2 without disclosing at least part of its claim construction position. Accordingly, Broadcom's
3 objection of "prematurity" has merit as to these requests and no further responses will be compelled
4 at this time.

5 A more difficult question is presented by those requests seeking to illicit information as to
6 Broadcom's *non-infringement* positions. (Interrogatory No. 9, Document Request No. 20). On its
7 face, Rule 2-5 authorizes a prematurity objection only as to discovery directed at eliciting
8 infringement analysis from the "patent claimant." Rule 2-5 (b). Furthermore, the Rules do not
9 provide a time for a defendant to serve "non-infringement contentions." Thus, Rule 2-5 does not
10 provide an express basis for objecting to these requests as premature. Nevertheless, the overall
11 structure of the Rules, as well as common sense, supports Broadcom's argument that it would be
12 fundamentally unfair to require a patent defendant to set out and support its non-infringement case
13 before the plaintiff has complied with its obligation to serve Preliminary Infringement Contentions.
14 Prior orders have addressed the issues surrounding Townshend's Preliminary Infringement
15 Contentions ("PICs") and those matters will not be repeated here. Suffice it to say that the
16 prematurity objection to Interrogatory No. 9 and Document Request No. 20 was well-taken, but
17 Broadcom is expected to serve supplemental responses within a reasonable time, not to exceed 20
18 days, of receiving Townshend's amended PICs pursuant to the Court's order of July 5, 2007.
19 Accordingly, Townshend's motion to compel is denied as to Interrogatory Nos. 9-11 and 25, and
20 Document Request Nos. 20-22, 26-27, 34-35, and 51, with the proviso that Broadcom shall serve
21 amended responses to Interrogatory No. 9 and Document Request No. 20 within the time specified.

22 B. <u>Other Requests</u>

23 The other discovery requests in dispute in this motion fall into two categories: those seeking
24 information regarding Broadcom's interactions with industry standard setting organizations
25 ("SSOs"), and those seeking information regarding Broadcom products other than the V.90-
26 compliant modems alleged in this action to be infringing.

27 As discussed at the hearing, it appears that the parties could benefit from engaging in further
28 meet and confer negotiations as to the first category of requests. Accordingly, the court will defer

5

the issue until it has received a joint letter report on those efforts, as ordered at the hearing.

With respect to the latter subject, the parties appear to have narrowed the dispute to the question of whether Broadcom should be compelled to supply information regarding its V.34 technology beyond the "summary reports" it offered in its opposition brief to produce. Broadcom has provided only conclusory evidence as to the burdens that it would incur in producing information in addition to those "summary reports." See Declaration of Peter Arancio. Nevertheless, it appears that upon production of the "summary reports," the parties would be in a better position to engage in meaningful meet and confer discussions as to whether further information should be gathered and produced. Accordingly, this portion of Townshend's motion will be denied, *without prejudice* to a renewed motion should any disputes remain after Broadcom produces the information it has promised, and the parties have met and conferred as to the sufficiency of that information.

### C. Sealing Motion

With its motion to compel, Townshend filed an administrative motion to permit filing under seal certain portions of its brief that quoted discovery responses designated as "confidential" by Broadcom. Under Civil Local Rule 79-5 (d), it was incumbent on Broadcom to file a declaration supporting those confidentiality designations within five days of the time Townshend filed the administrative motion, or to withdraw the confidentiality designations. Broadcom did not respond to the motion; it is unclear whether that was an oversight or reflected Broadcom's recognition that nothing in the quoted portions of its discovery responses warranted sealing. In either event, sealing of the redacted portions of Townshend's brief is not necessary or appropriate. Townshend shall e-file an unredacted copy of its brief. In the future, if a party wishes to withdraw its confidentiality designations, or any portion thereof, in response to an administrative sealing motion under Rule 79-5, it shall file a notice to that effect, and the other party shall refile any documents affected by such withdrawal.

### III.  CONCLUSION

The motion is granted to the extent set forth above and is otherwise denied.  Broadcom shall produce further responses as specified within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: August 29, 2007

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
C 06-05118 JF (RS)

7

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  William Frederick Abrams    william.abrams@bingham.com

3  Kevin A. Fitzgerald    kevin.fitzgerald@bingham.com

4  James Boyd Lewis    james.lewis@bingham.com

5  Diana Luo    dluo@mofo.com, bgomez@mofo.com

6  Carlos Patricio Mino    carlos.mino@bingham.com

7  Larry Scott Oliver    soliver@mofo.com, kolivares@mofo.com, llontayao@mofo.com, msmoot@mofo.com

8  James Pooley    jpooley@mofo.com, llontayao@mofo.com, msmoot@mofo.com

9  Ruby May Wayne    ruby.wayne@bingham.com, courtney.smith@bingham.com

12  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

14  **Dated: 8/29/07**                                                        **Chambers of Judge Richard Seeborg**

                                                                              **By:    /s/ BAK**

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
C 06-05118 JF (RS)

8